UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY LALLAVE, | : |
| Petitioner | : CIVIL ACTION NO. 3:22-1705 |
| v. | : (JUDGE MANNION) |
| STEPHEN SPAULDING, | : |
| Respondent | : |

## MEMORANDUM

Anthony Lallave, an inmate confined in the Federal Prison Camp, Lewisburg, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He alleges that he has not been properly credited with earned federal time credits (FTCs) as required under the First Step Act of 2018 (FSA). Id. Specifically, he claims that he has been improperly denied FTCs from January 5, 2022 to August 9, 2022, due to an incomplete needs assessment and for refusing programming. Id. He also alleges he should have earned fifteen days of credit for every thirty days of programming completed, and that he should have been credited with 135 days of credit. Id. Finally, he concludes that the application of the credits owed to him would result in a revised projected release date from March 18, 2026 to November 23, 2025. Id.

A response to the petition was filed on February 14, 2023. (Doc. 9). Although provided an opportunity, Lallave has not filed a reply brief.

For the reasons set forth below, the Court will deny the instant petition for writ of habeas corpus.

I. **Background**

On October 27, 2021, the United States District Court for the Southern District of New York sentenced Lallave to five years of imprisonment for Narcotics Conspiracy. (Doc. 9-1 at 4, Public Information Inmate Data). His projected release date is December 8, 2025. Id.

Lallave first became eligible to earn FSA TCs as of February 1, 2022. (Doc. 9-1 at 8, Inmate First Step History). A review of Lallave's FSA Inmate History shows he was initially assessed with a Low risk of recidivism on February 1, 2022. Id.

At his next assessment, on July 27, 2022, Lallave received a Minimum risk of recidivism score. Id. On October 12, 2022, Lallave received his second assessment of Minimum risk of recidivism score. Id.

## II. **Discussion**

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in prerelease custody or supervised release. See 18 U.S.C. §3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. See id. §3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. See id. §3632(d)(4)(A)(ii).

Under the FSA, a prisoner is entitled to immediate placement in prerelease custody (either in a residential reentry center or in home confinement) when he has earned FSA time credits in an amount equal to the remainder of his imposed prison term, provided he has been found to pose a minimum or low recidivism risk in his last two (2) assessments. See 18 U.S.C. §3632(d)(4)(C) (providing that FSA time credits "shall be applied toward time in prerelease custody or supervised release."). In addition, the

FSA has provided an opportunity for a prisoner to obtain an early transfer to supervised release. Under the FSA, a prisoner is eligible to be released from confinement and to commence his term of supervised release up to twelve (12) months early, at the discretion of the BOP, provided he has been found to pose a minimum or low recidivism risk in his last assessment. See id. §3624(g)(3) (providing that the BOP "may transfer [an eligible prisoner sentenced to serve a term of supervised release after imprisonment] to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of [FSA] time credits."). However, the BOP's regulations exclude from consideration for early release inmates who fall into certain categories. Relevant here, inmates "who are assigned a 'Deportable Alien' Public Safety Factor...shall not ordinarily participate in CCC programs" under Program Statement 7310.04, ¶10(b).

Applying these principles here, the Court finds that the BOP properly calculated and applied the FSA time credits to Lallave's sentence. A review of Lallave's FSA Inmate History shows he was initially assessed with a Low risk of recidivism on February 1, 2022. (Doc. 9-1 at 8, Inmate First Step History). Lallave was assessed at a Minimum risk recidivism score on July 27, 2022 and then, on October 12, 2022, Lallave received his second

assessment of a Minimum risk of recidivism score. Id. Thus, from February 1, 2022 to December 31, 2022, Lallave's FSA TCs were calculated at a rate of ten days for every thirty days of programming completed. (Doc. 9-1 at 9, FSA Time Credit Assessment); see also 28 C.F.R. §523.42(c)(1). Now that Lallave has completed two, consecutive Minimum PATTERN assessments, credits going forward will be applied at a rate of fifteen days for every 30 days of completed programing. See 18 U.S.C. §3632(d)(4)(A)(ii). Thus, Petitioner's claims that the BOP owes him 115 days of credit is without merit. Petitioner does not refute this. Consequently, the Court must deny Lallave's habeas petition.

### III. Conclusion

Based on the foregoing, the Court will deny Lallave's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. An appropriate order shall issue.

MALACHY E. MANNION
United States District Judge

Dated: August 9, 2023
22-1705-01